**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230281-U

Order filed February 1, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| PATRICK E. KRONENBERG, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-23-0281 |
| | ) | Circuit No. 20-AR-186 |
| | ) | |
| FOXLAND PROPERTIES, INC., | ) | Honorable |
| | ) | Robert G. Gibson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The circuit court did not err as a matter of law when it granted summary judgment in the defendant's favor.

¶ 2     The plaintiff, Patrick E. Kronenberg, filed a *pro se* complaint founded in negligence against the defendant, Foxland Properties, Inc. The defendant filed a motion for summary judgment, which the circuit court granted. The plaintiff appeals.

¶ 3                                    I. BACKGROUND

¶ 4		The plaintiff's *pro se* amended complaint set forth the following. In August 2019, he entered into a lease agreement with Sudbury Investments, LLC to rent a home located in Naperville from September 1, 2019, to June 30, 2020. The lease provided, among other things, the plaintiff was responsible for "all outside maintenance including lawn and landscaping care[.]" On November 17, 2019, branches from a tree on the leased property fell onto the plaintiff's vehicles during a windstorm. The plaintiff filed the instant lawsuit claiming the defendant, the alleged owner of the subject property, was negligent by failing to recognize, inspect, and address the preexisting hazard of a high-risk tree located on its property. He claimed damages of $27,232.04.

¶ 5		The parties engaged in discovery and the matter was scheduled for trial. There are two evidentiary matters of particular relevance. First, the plaintiff filed a motion to compel the defendant to provide records clarifying the role of Pete Carrol (the defendant's insurance agent) with Pekin Insurance (the defendant's insurer). The court denied the motion, noting discovery was closed and the issue of insurance was inadmissible at trial. Second, the plaintiff filed a "statement of witnesses" listing Brittany Humphrey, the plaintiff's girlfriend, and her statement providing: (1) she was present when the subject tree was inspected by David Bruckner, an arborist, after the windstorm and (2) Bruckner told her there was decay at the base of the limbs possibly caused by a previous lightning strike from years prior and the tree was a hazard and needed to be removed.

¶ 6		At the final pretrial conference, the court asked what evidence the plaintiff had of the defendant's negligence. The plaintiff responded the defendant was in a better position to inspect the tree as the property owner, especially as the defendant purchased the property about a year before the lease and should have obtained a property inspection at the time of purchase. However, the plaintiff acknowledged that he did not put the defendant on notice of the tree's condition, and the plaintiff could not point to any evidence indicating the defendant had any notice of the tree's

condition. The court entered an order striking the jury trial date but stated it was keeping all materials in the event the trial was rescheduled. The court set the matter for a status hearing and the filing of any dispositive motions.

¶ 7 The defendant filed a motion for summary judgment and argued it had neither actual nor constructive notice of the tree's condition. The defendant relied on the following: (1) the plaintiff had exclusive use of the premises for three months before the windstorm; (2) the lease provided the plaintiff was responsible for all outside maintenance; (3) the plaintiff never complained to the defendant or Sudbury Investments about the condition of the tree; (4) the plaintiff did not claim to have observed branches falling or any sort of damage or decay to the tree prior to the windstorm; (5) the plaintiff did not park his cars anywhere other than near the tree in fear that the tree may cause damage to his vehicles; and (6) the plaintiff's suggestion that the defendant should have obtained an inspection at the time of purchase was not supported by law.

¶ 8 The court granted summary judgment in the defendant's favor. The plaintiff appeals.

¶ 9 II. ANALYSIS

¶ 10 On appeal, the plaintiff argues the court erred when it (1) deprived him of a scheduled fair trial, (2) denied his motion to compel records, and (3) denied his witnesses the opportunity to be heard. In response, the defendant points out that the plaintiff does not challenge the court's dispositive order wherein it granted summary judgment in the defendant's favor. Therefore, the defendant argues, the plaintiff forfeited any challenge as to summary judgment and the court's order should be affirmed. In his reply brief, the plaintiff does not address this forfeiture.

¶ 11 We agree the plaintiff fails to argue the court erred when it granted summary judgment or that any of the discovery issues he now raises would have precluded the entry of summary judgment. Thus, even if the court erred in the ways contended by the plaintiff, the summary

3

judgment still stands. Further, the plaintiff's appellate brief is wholly insufficient as it fails in many respects, such as its omission of citation to relevant legal authority. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The plaintiff, a self-represented litigant, is not entitled to more lenient treatment than attorneys. Parties that choose to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. We will not raise issues on behalf of a party as it is entirely improper and would transform this court's role from that of a jurist to that of an advocate. *People v. Givens*, 237 Ill. 2d 311, 324 (2010). Therefore, the plaintiff has forfeited the issues he raises on appeal.

¶ 12 Forfeiture aside, the issues the plaintiff raises would nonetheless fail. First, the court had the authority to strike the trial date even if the plaintiff planned to call certain witnesses and proceed with the motion for summary judgment. The court inquired into the plaintiff's evidence before striking the trial date and informed the plaintiff all materials would be kept in the event the case was rescheduled for trial. It is undisputed the court possesses the inherent authority to control its own docket and the course of the litigation. *J.S.A. v. M.H.*, 224 Ill. 2d 182, 196 (2007). The plaintiff provides no support as to how the court abused this authority. Also, the court acted within its discretion to deny the plaintiff's motion to compel, which the plaintiff purportedly filed to learn of Pete Carrol's role, however, interrogatories already revealed he was the defendant's insurance agent, and as the court explained, insurance matters in this case were inadmissible and discovery was closed. As such, these matters have no bearing on the court's entry of summary judgment, and the court did not err as a matter of law when it granted summary judgment in the defendant's favor.

¶ 13 III. CONCLUSION

¶ 14 For these reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 15 Affirmed.

4